SECRETARY OF JUSTICE, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, BAYAMÓN PART, JORGE MELÉNDEZ VELA, JUDGE, Respondent.

No. O-67-44.     Decided May 28, 1968.

*J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Deputy Solicitor General,* for petitioner. *Jorge Luis Suárez* for intervener Pérez Auto Corporation.

Second Division composed of Mr. Justice Hernández Matos, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Dávila, and Mr. Justice Torres Rigual.

MR. JUSTICE SANTANA BECERRA delivered the opinion of the Court.

On August 25, 1964 the Secretary of Justice confiscated a Chevrolet automobile, License plates No. 880-747, because

on August 20, 1964 a dirk had been transported in said vehicle.[1]

On September 16, 1964 the intervener, Pérez Auto Corp., filed a complaint against the Secretary of Justice under the provisions of the Uniform Vehicle, Mount, Vessel and Plane Seizure Act, Act No. 39 of June 4, 1960, and it alleged that it was the conditional vendor of the confiscated vehicle and owner of the conditional sales contract from the date notice of the confiscation was served; that notice of the confiscation was served on September 2, 1964 to the Caribbean Finance Co., which appeared to be the assignee of said conditional sales contract, and that the intervener was an innocent third-party with valid defenses to challenge the confiscation.

After the case was heard, the Bayamón Part of the Superior Court rendered judgment sustaining the complaint, and ordered the return of the confiscated vehicle. The court believed that the confiscation proceeding was void because notice was not served to the intervener, the conditional vendor, within the period established by law. In support of said conclusion, it set forth that if the name of the conditional vendor did not appear in the certification of Public Works, it would have been easy for the State to investigate it through the financing company, the assignee of the contract. That it was not proper to sustain that the State could not speculate whether or not there was a third interested party in the matter, on the mere ground that in the certification of Public Works the only interested party appeared to be the conditional vendor and the financing company, it being a fact of common knowledge that the financing company does not sell automobiles and merely acts as assignee of the condi-

---

[1] To an interrogatory served on the Secretary of Justice in the suit challenging the confiscation which gives rise to this petition, requesting to state the specific place where the weapon had been seized, whether inside the automobile or in the possession of a passenger or the driver, the Secretary of Justice answered that the weapon had not been seized.

tional vendor's credit. The court further concluded that the notice served on the Caribbean Finance, assignee of the contract, was not valid either because it was served after the period of 10 days provided by law.

At the request of the Secretary of Justice we issued the writ of certiorari authorized by the aforesaid Uniform Vehicle Seizure Act. The Secretary sustains that the trial court committed error in construing and applying § 2 of the aforesaid Act, and he particularly challenges the position assumed by the trial court to the effect that it would have been easy for the State to investigate through the assignee company which was the conditional vendor of the vehicle, because he believes that it would impose upon the State the burden of undertaking an investigation which it is not bound to do.

Section 2(a) of this Act provides that the confiscation proceeding shall be begun by the seizure of the property by the Secretary of Justice, the Secretary of the Treasury, or the Police Superintendent, through their delegates, policemen or other peace officers. The officer under whose authority the action is taken shall serve notice on the *owner of the property seized or the person in charge thereof or any person having any known right or interested therein,* of the seizure and of the appraisal of the properties so seized, said notice to be served in an authentic manner, within 10 days following such seizure and such notice shall be understood to have been served upon the mailing thereof with return receipt requested. The owners, persons in charge, and other persons having a known interest in the property so seized may challenge the confiscation within the 15 days following the service of the notice on them, through a complaint against the officer under whose authority the confiscation has been made, on whom notice shall be served, and who shall file his allegations within 10 days following such service of notice. . . . The filing of such complaint within the period herein estab-

lished shall be considered a jurisdictional prerequisite for the availing of the action herein authorized.

From the documentary evidence in the record the following facts appear: Exhibit 5 presented by the Secretary of Justice constitutes the conditional sales contract of the vehicle in issue. It appears from its face that said contract was filed on July 3, 1964 in the Public Works Department. The Exhibit contains the original signatures of the contracting parties, and Pedro Juan Márquez Amador appears signing as conditional buyer. His address, as it appears in the contract, is Ward Amparo, 622 Marina Street, Río Piedras, P.R. The intervener, Pérez Auto Corp., signs as conditional vendor, and its address is Puerto Nuevo, P.R. It is stated that the license plates No. 880-747, the same ones of the confiscated vehicle, were issued. It appears from the contract that Pedro Juan Márquez Amador had made a down payment of $1,262 against the price of $3,400 of the vehicle. The contract was signed June 20, 1964. On the back there appears that on that same date the conditional vendor assigned said contract to the Caribbean Finance Co.

Exhibit 1, presented by the Secretary of Justice, is a letter dated August 27, 1964 addressed by him to the Head of the Division of Motor Vehicles of the Public Works Department, requesting the name which appeared in the registration of the vehicle in question, and the liens, if any, encumbering it. On September 1, 1964, the Head of the Division of Motor Vehicles answered the Secretary of Justice that the owner of the vehicle was Pedro Juan Márquez Amador who lives in Ward Amparo, 622 Marina Street, Río Piedras, P.R. He stated that there was a lien, in favor of Caribbean Finance Co.

Exhibit 2, presented by the Secretary of Justice, is a letter dated August 31, 1964 addressed to Pedro Juan Márquez Amador, Ward Beatriz, Highway No. 1, Km. 49, Caguas, P.R. This document is the service of notice which Act No. 39

requires to be made within the period of 10 days. The envelope, which appears in the record, shows that the service was made by registered mail with return receipt to the aforementioned address: Ward Beatriz, Highway No. 1, Km. 49, Caguas, P.R. and it contains a postage stamp which reveals that it was received in Caguas on September 1, 1964. It has another stamp which reveals that it was returned to sender because the letter was not claimed.

There is another letter, dated September 2, 1964, of the Secretary of Justice to the Caribbean Finance Co., serving notice of the confiscation of the vehicle. This letter was sent by registered mail with return receipt and it appears as delivered on September 8, 1964. The envelope in which it was sent does not appear in the record, for which reason the date when it was deposited in the mail does not appear in the documentary evidence.

According to the record, notice was never served to the intervener Pérez Auto Corp. However, on the allegation that the conditional sales contract belonged to it from the time notice was served to the Caribbean Finance Corp., it filed a complaint on September 16, within the jurisdictional period of 15 days established by the act.

■ In *García* v. *Superior Court*, 91 P.R.R. 146 (1964), we held that the period of 15 days from the date on which plaintiff is served notice in an authentic manner of the confiscation of a vehicle, this being a jurisdictional period, should be counted as of the time the return receipt, of the service of notice made by the officer, is presented. In that case we refused to dismiss, for lack of jurisdiction, a complaint which challenged a confiscation filed within the 15 days the return receipt of the service of notice was presented, although 15 days after the deposit of the service of notice in the mail. We said that two elements are necessary for the authentic service of notice: (1) the sending by mail and (2) acknowledgment of the receipt.

The aforesaid decision refers to the period an interested party has to file his objection. It does not refer to the period of 10 days which the State has to serve notice of the confiscation.

If, as the Secretary of Justice has sustained and it has been accepted, he deposited in the mail his notice to Caribbean Finance, registered with return receipt, on September 2, his notice was made validly within the period of 10 days beginning August 25, it being a mandatory and nonextendible period the noncompliance with which produces the nullity of the confiscation as we held in *Secretary of Justice* v. *Superior Court*, 95 P.R.R. 156 (1967). For the purposes of this period to serve notice, the reasons we set forth in *García* are not applicable, as to the necessity of the return receipt for the purposes of counting the jurisdictional period of 15 days to file a complaint.

In such a case the conclusion of the trial court would not be correct in the sense that Caribbean Finance had been untimely served.

In view of the disposition we shall make of the case, it is not necessary to discuss and decide whether notice should have been served to the conditional vendor, the plaintiff, or the assignee of the contract, Caribbean, or to pass on the officer's obligation to make other investigations. In fact, the question herein is quite academic, since because of the timely notice served on Caribbean, the conditional vendor appeared in court, also on time, to defend its interest against the confiscation.

■ Although for reasons other than those of the court, the nullity of the confiscation must be sustained. According to the evidence, the Public Works Department informed the Secretary of Justice that the owner of the confiscated vehicle was Pedro Juan Márquez Amador, his address being Ward Amparo, 622 Marina Street, Río Piedras, P.R. That is the

same address of the conditional buyer which appears in the contract, filed in the Public Works Department prior to the confiscation. The owner Pedro Juan Márquez Amador was never served with notice for the purposes of protecting his rights because the notice was sent to an entirely different address. The notice was returned by mail unclaimed. At no time was it sent subsequently to his correct address. The conditional buyer had an interest therein to be protected. He had made a down payment of $1,262 and possibly he might have paid at least one installment of $92.50. Under those conditions this confiscation cannot be sustained. The Act is clear as to the fact that notice must be served on the *owner*, person in charge thereof, or any person having any known right, or interested therein.

For the reasons stated, the writ of certiorari issued will be quashed.